## Case No. 13,392.

### In re STEVENS.

[2 Biss. 373;[1] 10 Am. Law Reg. (U. S.) 523; 5 N. B. R. 298.]

District Court, W. D. Wisconsin. Oct., 1870.

BANKRUPTCY—EXEMPT PROPERTY—LEX DOMICILII —LEX REI SITÆ—ATTACHMENTS—LIEN OF OFFICER FOR FEES.

1. It is the duty of this court to see that the property to which a bankrupt is entitled is secured to him, as much as to see that he surrenders the balance to his creditors.

2. Property exempt by the laws of the state where the bankrupt resides and where the petition is filed, will be protected, wherever it may be actually situated.

3. At the time of the filing of the petition in Wisconsin, certain property was in the possession of an officer of the state of Illinois (where by law it was not exempt), by virtue of a writ of attachment. Held: This court will not consider the laws of Illinois to see whether under them the property is exempt; the rights of the bankrupt and his creditors are to be determined under the bankrupt act alone [14 Stat. 517].

4. Attachments are dissolved without reference to the property upon which they are lev-

[2] [From 4 N. B. R. 367 (Quarto, 122).]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ied, the object of the act being to stop all proceedings against the bankrupt in any other court, and bring all matters and questions between the bankrupt and his creditors into the bankrupt court for final settlement.

[Disapproved in Robinson v. Wilson, 15 Kan. 450.]

5. The question whether the property is exempt under the Illinois law is not material.

6. Officer in possession of the property under the attachment writ cannot retain the property until his fees are paid. The attachment being dissolved, he has no means of enforcing his claim against the property. His only remedy is by application to the court to be paid out of funds in the hands of the assignee.

[Cited in Gardner v. Cook. Case No. 5,226.]

This was a case of voluntary bankruptcy. The petition was filed on the 30th day of September, 1869, and at the request of the bankrupt a provisional assignee of his estate was appointed. A portion of the property at the time (a span of horses, wagon and harness) was in the possession of a constable in Winnebago county, Illinois, under and by virtue of attachments issued against the bankrupt by a justice of the peace of the state of Illinois, in favor of divers creditors of the bankrupt residing in this state. The property thus held was claimed by the bankrupt in his petition as exempt under the bankrupt act. The attaching creditors then moved the court to modify the order appointing the provisional assignee, so as to exempt from the operation thereof the property attached and held in the state of Illinois.

C. A. Parsons, for bankrupt.

S. J. Todd, for creditors.

HOPKINS, District Judge. The ground of this motion is that by the laws of the state of Illinois the property was not exempt and that by the attachments the creditors acquired a valid lien upon it as against the bankrupt; and further, that as under the bankrupt act it would be exempt, and would not pass to the assignee, the bankrupt was the only party who could contest the right to the property under the attachment; that the assignee had no right to take possession of it under the act, nor had the other creditors any right or interest in the question, for if released from the attachment it would be exempt under the bankrupt act, and if held, it would be taking property they could not in any way reach. This is an ingenious view of the question, but I think untenable. I think it is as much the duty of the court to protect the rights of the bankrupt as the creditors. If by the act he is entitled to certain exempt property, it is the duty of the court to see that he has it. When a bankrupt surrenders all his property to his creditors, except certain portions which the act exempts for his own use and the use and convenience of his family, it is the duty of the court to see that the portion he is entitled to is secured to him, as much as it is to see that the portion he is required to surrender to his creditors, is surrendered to them.

This court proceeds under the bankrupt law only, and administers that and has original jurisdiction as to all matters and things to be done under and in virtue of the bankruptcy. One of the things to be done under the act is to assign and set off to the bankrupt the exemptions mentioned in the fourteenth section. The bankrupt claims under that section this property that is attached, and it is the duty of the court, if it is exempt by that act, to assign it to him as exempt property. No one will deny but that it is exempt by the laws of this state—the domicile of the bankrupt; and being so, it is unquestionably exempt by the fourteenth section of the bankrupt act.

Now can this court look into the laws of Illinois to see whether it is exempt there or not? What has this court to do with the exemption laws of Illinois? I cannot see that it has anything. It must administer the bankrupt act, and settle and determine the rights of the bankrupt and his creditors under that act alone. If under that act a creditor has a valid lien, or one that it recognizes, then it will be sustained; and if that act does not recognize the lien, then it cannot be sustained. It may be true that but for the bankruptcy proceedings, the attaching creditors could have held the property, and the same may be said of all attachments against bankrupt estates that are dissolved by proceedings in bankruptcy.

After the commencement of proceedings in bankruptcy all proceedings by the creditors in the state courts against the bankrupt are forbidden, and all attachments issued within four months are, by the express terms of the act, declared to be dissolved, without reference to the property upon which they are levied, the object of the act being to stop at once all proceedings against the bankrupt in any other court, and to bring all matters and questions between the bankrupt and his creditors into the bankrupt court for final settlement.

Now, if this is so, how is the question as to whether this was exempt property, material? The creditors' right to prosecute their attachment suits being taken away, and their attachments being dissolved, what claim have they, by virtue of the attachments, to assert?

The district court for the Eastern district of Missouri, in Re Ellis [Case No. 4,400], has given a like construction to the act, and the district court of South Carolina, in Re Hambright [Id. 5,973], holds that the bankrupt is to be regarded as a purchaser of his exempt property, the consideration being the surrender of all his other property for the benefit of his creditors.

This view disposes of the motion of the creditors. But they insist that the officer should not be required to give up the property until the fees and charges upon it are paid, and there are some cases to the effect that he is entitled to his fees, but not, I think, that he can refuse to deliver the property until they are paid. For if the attachments by virtue of which he holds the property are dissolved, he has no means of enforcing his lien against the

property. He cannot sell it. His remedy, if he has a lien. is to apply to this court to have it allowed and paid out of the assets that may come into the assignee's hands, and this court could, on such an application, make such an order as might appear just and equitable in the premises; but I do not think he can interpose his lien as against the right of the officers of this court to the possession, and withhold the property from them until it is paid.

Motion denied.

NOTE. It is, however, held in Re Housberger [Case No. 6,734]. that a sheriff has a lien for his costs on property attached. Contra, in Re Preston [Id. 11.393]. quoting decision by Judge Grier, and that the costs in the attachment made in good faith prior to the commencement of proceedings in bankruptcy may be proved against the estate. Rule as to costs in attachment proceedings and for care and custody of bankrupt's property before filing of petition. Gardner v. Cook [Id. 5,226.]