JUDGE LINDSAY
delivered the opinion of the court.
The Bank of Columbia instituted its suit on the 28th of March, 1868, and on the same day sued out orders of attachment against the estate of the defendants, Overstreet and Hernford. The attachments were levied on certain real estate, the property of Overstreet, on the 1st day of April, 1868. The levy was made subject to the levies of several executions, and also subject to the levy of another attachment.
On the 21st of May, 1868,. judgment in personam was rendered ogainst Overstreet for the amount of the debt sued on ($734.80), with interest and costs; and it was further ordered that the attachment “ be sustained against the defendant; ” but no order was made to sell the attached property.
Subsequently Vanwinkle filed his petition, asking to be made a party to the action. He set up the fact that he had purchased the attached realty at a sale made under the execution levies referred to in the sheriff’s return, indorsed on appellant’s order of attachment, and also that Overstreet, upon his own petition, had been adjudged a bankrupt in the United States District Court for the District of Kentucky on the 14th of May, 1868, seven days before the order sustaining the attachment was made; that he had purchased from his (Over-street’s) assignee all such right and title to the attached property as passed to said assignee under the provisions of the bankrupt *150 act. ■ He claimed that the proceedings in bankruptcy discharged appellant’s attachment, and prayed to have the litigation, so far as appellant sought to subject the attached-realty to the payment of its judgment, discontinued. Upon this statement of facts the petitioner was made a party defendant. He subsequently filed amended pleadings, stating that he had sold his interest in the property to Meadows, who had all the while been a party defendant to the action.
Meadows amended his answer, first exhibiting the transfers from Vanwinkle, and finally the 'sheriff’s deed executed by virtue of the execution sale, and also the deed of the assignee in bankruptcy conveying to him all right, title, and interest that came to and vested in said assignee by virtue of -the proceedings in bankruptcy. He also exhibited the order of the bankrupt court discharging Overstreet from the payment of all debts existing at the time he filed his petition in said court.
Upon hearing appellant’s petition was dismissed as to Van-winkle and Meadows, and from this judgment this appeal is prosecuted.
The proceedings in bankruptcy were commenced within less’ than four months after the levy of appellant’s attachment. Section 14 of the bankrupt act provides that the deed of assignment shall relate back to the commencement of the proceedings in bankruptcy; “ and thereupon by operation of law the title to all such property and estate, both real and personal, shall vest in said assignee, although the same is then attached on mesne process, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings.”
It is insisted by appellant that the provisions of this section do not apply to attachments sued out in state courts. This position can not be maintained. The Federal Congress has the undoubted power to establish “uniform laws on the subject of bankruptcy throughout the United States.” All laws of *151 Congress enacted pursuant to the powers delegated to it by the Federal Constitution are binding as well upon the state as the Federal courts. It may be that the- state courts are not bound to administer the Federal laws, but they are bound to respect all rights acquired under them. There is nothing in the act of Congress from which it can be inferred that an exception was to be made in favor of creditors prosecuting their claims against a bankrupt in the state courts; and if the law had been so framed as that a proceeding in bankruptcy would dissolve attachments sued out in the Federal courts and leave unaffected those suéd out in the state courts, it would not have been uniform in the constitutional sense of that term.
Nor are we able to perceive that the dissolution of appellant’s attachment in any sense impaired the obligation óf a contract or divested it of a vested right. The attachment lien was secured by legal diligence, and not by contract. The right to subject the attached property to the payment of its debt vested long after the bankrupt act had gone into effect. It was therefore a conditional right, subject to be defeated by the debtors being thrown into bankruptcy. In this case no peculiar hardship results to appellant. Its debt was contracted after the bankrupt act became a law. The credit was extended to Overstreet, with notice of the fact that the remedies afforded by the state laws for the enforcement of the contract were liable to be interrupted or superseded by proceedings in bankruptcy which might be instituted by the debtor, or by one of his creditors, in case he should be guilty of an act of bankruptcy.
It is unnecessary to determine as to the validity of the title acquired by Meadows through Vanwinkle’s assignment and the sheriff’s and assignee’s deeds. He was invested with the legal title to the attached property. He had such an interest in it as authorized him under the provisions of section 257 of the Civil Code of Practice, at any time before it was sold and *152 tbe proceeds paid out, to present his petition and claim the property, and in the prosecution of his claim he could dispute the validity of the attachment.
He was clothed with the muniments of title, and was therefore entitled to have the property surrendered upon showing either that appellant’s attachment was invalid from the beginning or that it had been dissolved after levy by operation of law. To establish the dissolution he had the right to rely upon the proceedings instituted by Overstreet in the court of bankruptcy: first, because his title in part grew out of these proceedings; and second, because they operated to divest appellant.of its attachment lien.
We perceive no error in the judgment of the circuit court. It must therefore be affirmed.