Wood v. Carr, &c.

---

CASE 37—ACTION BY H. R. WOOD AGAINST R. A. CARR AND CHARLES NEWELL, JUDGE OF THE MASON QUARTERLY COURT TO PROHIBIT THE COLLECTION OF A JUDGMENT AGAINST HIM BY THE DEFEND-ANT, CARR IN SAID COURT BY THE SALE OF A HORSE, &C.—APRIL 15.

# Wood v. Carr, &c.

### APPEAL FROM MASON CIRCUIT COURT.

FROM A JUDGMENT SUSTAINING A DEMURRER TO PLAINTIFF'S PETITION, HE APPEALS. REVERSED.

BANKRUPTCY ACT—ATTACHMENT IN STATE COURT—VACATION OF AT-TACHMENT—CONSTITUTION—IMPAIRING OBLIGATION OF CONTRACTS —DISCHARGE IN BANKRUPTCY.

Held:    1. Bankr. Act 1898, section 67, subsection "f," 30 Stat., c. 541 [U. S. Comp. St., 1901, p. 3450], providing that all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, etc., applies to attachments sued out in State as well as in Federal courts.
2. The dissolution, under the express provisions of Bankr. Act, 1898, section 67, subsection "f," 30 Stat. c. 541 [U. S. Comp. St., 1901, p. 3450], of an attachment made long after the act went into effect, does not impair the obligation of a contract, or divest the attaching creditor of a vested right.
3. A State court is bound to take notice of a discharge in bankruptcy under the national bankruptcy act of 1898, when properly pleaded as a defense.

W. G. DEARING AND O. R. BRIGHT, ATTORNEYS FOR APPELLANT.

The record shows that appellee brought suit in the police court of Maysville and attached a horse belonging to appellant. Within four months after the attachment, appellant filed his

application in bankruptcy and was duly adjudged a bankrupt. He then appeared in the Mason quarterly court, to which the case had been appealed and filed his discharge in bankruptcy, and moved that the attachment proceedings and judgment be discharged. The court overruled his motion and he appealed to the circuit court which also overruled his motion and he has appealed to this court.

We contend that under the bankruptcy act a discharge in bankruptcy annuls all proceedings had against the bankrupt within four months prior to his application to be discharged as a bankrupt, and that the lower court erred in sustaining a demurrer to his petition and in not adjudging all the proceedings void that were had within said four months.

### AUTHORITIES CITED.

Subsection "f" of sec. 67 of the Bankrupt Law; *In re* Rhoads, volume 3, Am. Bankruptcy Reports, p. 381; *In re* Dobson, same, vol., p. 470; *In re* Holland v. Emslie & Son, same vol., p. 516; Bank of Columbia v. Overstreet, 10 Bush, 148; Therman v. Andrews, 10 Bush, 400; *In re* Hopkins, 1 Am. Bankruptcy Report, 212; *In re* Richard Richards, 2 Am. Bank R., 520; Levor v. Seiter, 5 Am. Bank Court, 576.

SLATTERY & COLLINS, ATTORNEYS FOR APPELLEES.

On September 23, 1899, a ten dollar suit was brought by Carr v. Wood in the police court in which a horse was attached. Judgment was had on October 19, the attachment sustained, defendant's plea of exemption denied, and the horse ordered sold. On October 25, 1899, Wood filed his petition in bankruptcy and appealed his suit to the quarterly court. Proceedings were stayed in the quarterly court until a final adjudication in bankruptcy, when the case was tried on April 17, 1901, in which Wood pleaded exemption under the bankruptcy act, which was considered by the court and the attachment sustained. Wood then appealed to the circuit court which dismissed his appeal.

We contend that in seeking the jurisdiction of the quarterly court, he is estopped to deny its jurisdiction. He appealed from its decision to the circuit court and his appeal was dismissed, and we claim that this was absolutely final in the case.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

This suit was instituted in the Mason circuit court by the appellant, H. R. Wood, against the appellees, Charles Newell, presiding judge of the Mason quarterly court, and

R. A. Carr, to prohibit the collection of a judgment re-covered against him by the defendant Carr in such court by the sale of a horse claimed by him as exempt, and for the recovery of the horse, which had been taken under attachment, and damages for his detention. The defend-ants filed a general demurrer to the petition, which was sustained, and, the plaintiff declining to plead further, it was adjudged that his petition be dismissed, and that de-fendants recover their costs; and from this judgment this appeal is prosecuted.

The plaintiff alleged, in substance, that on the —— day of September, 1899, the defendant R. A. Carr instituted a suit against him in the police court of the city of Maysville, and at the same time sued out an attachment, which was levied upon a gray horse belonging to him; that he appeared in the police court on the day the case was set for trial, and claimed to be a housekeeper with a family, and that the horse was exempt from attachment and sale; that the police court decided that it was not exempt, and adjudged it to be sold to satisfy the debt of the defendant Carr; that on the 30th day of October, 1899, he appealed from the judgment of the police court to the Mason quarterly court, and executed a supersedeas bond suspending the collection of the judgment; that on the 24th day of October, 1899, he filed his petition in the United States District Court at Covington, Ky., to be declared a bankrupt, in which he claimed the horse upon which the defendant Carr had levied his attachment as exempt property; that notice of this pro-ceeding was served upon the defendant Carr, who appeared in the office of the referee in bankruptcy on the morning designated for the appointment of a trustee, and that he made no objection to plaintiff's claim of the horse as ex-

empt property; that on the 10th day of February, 1900, he obtained his discharge in bankruptcy, and that subsequently thereto, and before the trial of the appeal in the Mason quarterly court, he filed therein a certified copy of the order adjudging him a bankrupt, and his certificate of discharge, and moved that the petition of Carr be dismissed, and the attachment discharged. He also alleges that he was insolvent when the attachment of the defendant Carr was levied upon his horse, and also at the time he was adjudged a bankrupt; that the defendant Newell, as presiding judge of the Mason quarterly court, in disregard of his certificate of discharge in bankruptcy, gave a judgment against him in favor of the defendant, and ordered the horse sold under the judgment to satisfy it; that he appealed from this judgment to the Mason circuit court, and all the papers and orders were transferred to the circuit court, but that the Mason circuit court dismissed his appeal for want of jurisdiction; that the defendants are proceeding to enforce the judgment of the Mason quarterly court by a sale of his horse. It is further alleged that at the time Carr sued out the order of attachment in the Mason quarterly court he was a married man, with a family, residing in this Commonwealth, and that he was the owner of only two horses.

Subsection "f" of section 67 of the Bankruptcy Act of 1898, 30 Stat. c. 541 [U. S. Comp. St. 1901, p. 3450], provides that: "All levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged

Wood v. Carr, &c.

and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt unless the court shall on due notice order that the right under such levy, judgment, attachment, or other lien, shall be preserved for the benefit of the estate, and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid." The proceedings in bankruptcy were commenced by plaintiff within less than four months after the levy of the defendant's attachment upon the horse in controversy; and under the express letter of the statute, if plaintiff was insolvent, all rights acquired thereunder became null and void, and the jurisdiction to determine all questions growing out of it was transferred to the federal court. In Bank of Columbia v. Overstreet, etc., 73 Ky., 150, the court, through Judge Lindsey, said: "It is insisted by the appellant that the provisions of this section do not apply to attachments sued out in State courts. This position can not be maintained. The federal Congress had undoubted power to establish 'uniform laws on the subject of bankruptcy throughout the United States.' All laws of Congress enacted pursuant to the powers delegated to it by the federal Constitution are binding as well upon the State as the federal courts. It may be that the State courts are not bound to administer the federal laws, but they are bound to respect all rights acquired under them. There is nothing in the act of Congress from which it can be inferred that an exception was made in favor of creditors prosecuting their claims against a bankrupt in State courts; and if the law had been so framed as that a proceeding in bankruptcy would dissolve attachments sued out in the federal courts, and leave unaffected those sued out in the State courts, it would not have been 'uniform,' in the constitutional sense of that term. Nor are we able to per-

ceive that the dissolution of appellant's attachment in any sense impaired the obligation of a contract or divested it of a vested right. The attachment lien was secured by legal diligence, and not by contract. The right to subject the attached property to the payment of its debt vested long after the bankrupt act had gone into effect. It was, therefore, a conditional right, subject to be defeated by the debtor's being thrown into bankruptcy. In this case no peculiar hardship results to appellant. Its debt was contracted after the bankrupt act became a law. The credit was extended to Overstreet, with notice of the fact that the remedies afforded by the State laws for the enforcement of the contract were liable to be interrupted or superseded by proceedings in bankruptcy which might be instituted by the debtor, or by one of his creditors, in case he should be guilty of an act of bankruptcy." And the opinion of the court in this case is in accord with the rulings of other courts who have passed upon this question. See In re Hopkins, 1 Am. Bankr. R., 209; In re Richards, 2 Am. Bankr. R., 520, 95 Fed., 258; In re Rhoads, 3 Am. Bankr. R., 380, 98 Fed., 399; and Levor v. Seiter, 5 Am. Bankr. R., 576, 69 N. Y. S., 987. Section 17 of the Bankruptcy Act of 1898, 30 Stat. c. 541 [U. S. Comp St. 1901, p. 3428], provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with certain exceptions, to which defendant's claim does not belong. His debt might have been proven in the bankruptcy proceedings, and is, therefore, embraced by the language of the act.

The judge of the Mason quarterly court was bound to take notice of plaintiff's discharge in bankruptcy. It had the effect to release the plaintiff from all debts which were or might have been proven against his estate in bank-

ruptcy, and, when properly pleaded, was a conclusive bar
to any action on such debt. The debt of this defendant
having been wiped out, the attachment necessarily failed
also.

The trial court erred in sustaining a demurrer to plain-
tiff's petition, and the judgment is reversed, and cause
remanded for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.