CASE 67—ACTION BY G. W. RAGAN AGAINST CHARLES THOMPSON, &C. ON A NOTE, IN WHICH J. D. SMITH INTERVENES.—FEB. 9.

## Thompson, &c. v. Ragan.

APPEAL FROM HENDERSON CIRCUIT COURT.

FROM AN ORDER DENYING THE PETITION OF SMITH AS TRUSTEE IN BANKRUPTCY FOR THOMPSON TO VACATE AN ATTACHMENT, SMITH APPEALS. REVERSED.

BANKRUPTCY — ATTACHMENT — DISSOLUTION — COURTS — JURISDICTION —MOTION BY TRUSTEE—DEFENSES.

Held:   1. Bankr. Act July 1, 1898, c. 541, section 67, subsec. "c," 30 Stat., 564 [U. S. Comp. St., 1901, p. 3449], providing that a lien obtained by attachment against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of bankruptcy if the lien was obtained while he was insolvent, and the enforcement will work a preference, etc., is binding on the State courts.

2. Where a debtor was adjudged a bankrupt within four months after the levy of an attachment, whereupon his trustee moved to vacate the attachment, as authorized by Bankr. Act July 1, 1898, c. 541, section 67, subsec. "c," 30 Stat., 564 [U. S. Comp. St., 1901, p. 3449], on the ground that its enforcement would create a preference, and that it was obtained while the debtor was insolvent, it was no defense that the property seized was exempt from execution in the State of the bankrupt's residence, and that his entire property, including that levied on, was less

Thompson, &c. v. Ragan.

than his statutory exemption in such State, so that no part thereof could be paid to creditors; such question being for the determination of the federal court.

H. W. & A. D. FUNKHOUSER, AND JOHN F. LOCKETT, ATTORNEYS FOR APPELLANT.

This suit was instituted on February 24, 1900, and on March 7, 1900 the defendant below was adjudged a bankrupt, and the appellant, Jefferson D. Smith, was appointed trustee or assignee of said bankrupt, and filed his petition and answer herein, alleging that the attachment herein, "was procured to be issued and levied while the defendant, Thompson, was insolvent, and the existence and enforcement of said attachment will work a preference in favor of plaintiff as one of the creditors of said Thompson."

This allegation is undenied by any pleading of the plaintiff.

Our contention is, that under the bankruptcy act, the attached property or its proceeds in this action, should have been ordered to pass into the hands of the trustee of said bankrupt for distribution under the orders of the bankruptcy court in Indiana, the said bankrupt being a citizen of said State.

### AUTHORITIES.

Collier on Bankruptcy (4th ed.), pp. 480, 489; *In re* Rhoads, 3 Am. B. R., 380, (98 Fed. Rep., 399); *In re* Friedman, 1 Am. B. R. 510; Pick, &c. Co. v. Mitchell, 95 Fed., 258; *In re* Richards, 2 Am. B. R., 518, (95 Fed., 258); *In re* Fellerath, 2 Am. B. R., 40, (95 Fed., 121); *In re* Dobson, 3 Am. B. R., 420, (96 Fed., 86); *In re* Lessir, 3 Am. B. R., 815, (100 Fed., 433); *In re* Kemp, 4 Am. B. R., 242, (101 Fed., 689); Brown v. Case, 6 Am. B. R., 744, (61 N. E., 279); *In re* Benedict, 8 Am. B. R., 463.

MONTGOMERY MERRITT, ATTORNEY FOR APPELLEE.

The defendant Chas. Thompson, although a non-resident, was served with summons in Henderson county, Kentucky, but filed no answer and made no defense to plaintiff's suit of any kind.

J. D. Smith filed his petition alleging that Thompson had filed his voluntary petition in bankruptcy and that he had been appointed his trustee, and asked that the proceeds of the attached property be paid to him. The plaintiff by rejoinder al-

leged that Thompson was a citizen of Indiana, and a man of family, and under the laws of said State, $600 was exempted from the payment of his debts; that his entire assets would not amount to $600, and that nothing had on would come into the hands of the trustee for the payment of the debts, and there was no denial of these allegations.

We contend, that under section 70 of the bankruptcy act of 1898, which provides that "the trustee be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, etc.," that the trustee has no title to exempt property; neither title nor right of possession. Collier on Bankruptcy, pp. 74, 75, 403.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellee, G. W. Ragan, brought this action against the defendant Charles Thompson in the Henderson circuit court to enforce the payment of a note for $224.25 executed to him by defendant Thompson on the 20th of January, 1898, and at the same time sued out a general attachment upon the ground that both he and the defendant were residents of the State of Indiana, which was levied by the sheriff upon an undivided one-third interest owned by him in sixteen head of cattle and twelve head of hogs, which were subsequently sold under an order of the judge of the Henderson circuit court for the sum of $215. On the 9th of May following, the appellant Jefferson D. Smith of Evansville, Ind., filed his petition to be made a party to the proceeding, and alleged in substance that, immediately after the levy of the attachment, Charles Thompson filed his voluntary petition in bankruptcy in the District court of the United States for the District of Indiana, and that on the 7th day of March, 1900, he had been adjudged a bankrupt, within the meaning of the acts of Congress relating to bankruptcy; that he had been duly appointed trustee of the estate of the bankrupt, and had executed bond and

accepted the trust. Copies of the adjudication in bankruptcy and of the order appointing the petitioner trustee were filed with and as a part of his petition. He alleged that appellee's attachment was procured to be issued and levied at a time when defendant was insolvent, and that the enforcement thereof would work a preference in favor of the plaintiff, as one of the creditors of Thompson, and asked that the lien created by the levy of the attachment be dissolved, and the attached property be turned over to him as a trustee of the estate of the bankrupt, or that the proceeds thereof should be paid over to him. Plaintiff, by way of reply, alleged that, under the provisions of the Revised Statutes of the State of Indiana, where Thompson resided, money or property of the value of $600 was exempt to a man of family from the payment of debts; that Thompson was, at the time of the filing of his petition in bankruptcy, entitled to these exemptions; that, in the schedule of assets filed by Thompson with his petition in bankruptcy, the entire amount, including the property involved in this suit, was of less value than $600; that no assets of any kind came into the hands of his trustee, or could be made available for the payments of his debts; and that the fund in controversy in this case, if turned over to the trustee, would not be used for the payment of his debts. The trustee demurred generally to the reply, which was overruled, and, declining to plead further, the trial court adjudged that the attachment should be sustained; that the sheriff be allowed $12.90 for his services, and the further sum of $42.50 to be paid by him to J. W. Todd for taking care of the cattle; and that the remainder of the $215 be paid to the plaintiff, Ragan; and Smith, as trustee, has appealed.

Subsection 4 of section 8, art. 1, of the Constitution of the

United States, provides "that Congress shall have the power to establish uniform laws on the subject of bankruptcy throughout the United States." Pursuant to this provision of the federal Constitution, the Congress of the United States on July 1, 1898, passed an act to establish a uniform system of bankruptcy throughout the United States. Act July 1, 1898, c. 541, 30 Stat., 564 (U. S. Comp. St., 1901, p. 3449). Subsection "c" of section 67 of this act provides: "A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon *mesne* process or a judgment by confession, which was begun against the person within four months before the filing of a petition in bankruptcy by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt if it appears that the said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference, or the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy, or that such lien was sought and permitted in fraud of the provisions of the act; or if the dissolution of such lien would militate against the best interests of the estate of such person the same shall not be dissolved, but the trustee of the estate of such person, for the benefit of the estate, shall be subrogated to the rights of the holder of such lien and empowered to perfect and enforce the same in his name as trustee with like force and effect as such holder might have done had not bankruptcy proceedings intervened."

In Bank of Columbia v. Overstreet, 73 Ky., 151, it was decided by this court that all laws of Congress enacted pursuant to the powers delegated to it by the federal Constitution were binding upon the State as well as the federal

courts, and that they were bound to respect the rights acquired under them. This decision was approved in Wood v. Carr (115 Ky. 303, 24 R., 2144) 73 S. W., 762. As the petition in bankruptcy of appellee was filed within four months after the levy of the attachment, and the trustee intervened in this proceeding, and sought to have the proceeds of the attached property turned over to him under the provisions of section 67 of the federal bankrupt law, we are of the opinion that his prayer should have been sustained to this extent, viz.: The attachment should have been sustained, and the costs incurred, including the allowance to the sheriff and to Todd for keeping the live stock prior to its sale, paid out of the proceeds of the attached property, and the balance of the attached fund adjudged to the trustee in bankruptcy. The question whether this property was exempt under the laws of Indiana is properly a question for the determination of the federal court in the bankrupt proceedings.

For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.