## SMITH *et al. v.* KENNEDY.

1. A judgment against a garnishee is a condition precedent to a judgment on a bond given to dissolve the garnishment.
2. A recital in a judgment on such a bond, that a judgment against the funds garnished had been rendered, is not conclusive. In the trial of an illegality attacking the judgment, evidence that no judgment against the funds or garnishee had first been obtained will overcome the presumption that the judgment attacked was regularly rendered.

Submitted June 7,—Decided July 5, 1906.

Affidavit of illegality. Before A. S. Bussey, judge pro hac vice. City court of Wrightsville. November 17, 1905.

*E. L. Stephens,* for plaintiffs in error.

*J. L. Kent* and *A. L. Hatcher,* contra.

COBB, P. J. O. A. Kennedy obtained a judgment against E. K. Smith and B. M. Dent. To the levy of an execution issued thereon the defendants interposed an affidavit of illegality. It appeared that the judgment was obtained against the defendants as principal and security in a bond given to dissolve a garnishment sued out against Smith by Kennedy. The judgment recited that prior to its rendition Kennedy had "obtained the judgment of the court against the funds against which garnishment was issued." At the trial of the illegality the clerk of the court testified that he had searched the records and had found no record of any judgment against the garnishee, nor any answer filed by the garnishee. No other evidence was introduced. The court, without a jury, rendered a judgment overruling the illegality, and the defendants excepted.

1. "A judgment against the garnishee is a condition precedent to a judgment on the bond given to dissolve the garnishment." *Garden* v. *Crutchfield,* 112 Ga. 276, and cit. See also *Henry* v. *Lennox-Haldeman Co.,* 116 Ga. 11.

2. We do not think the recital in the judgment attacked by illegality, that a judgment against the garnishee had been rendered, is conclusive as against positive evidence that no such judgment had

in fact been rendered. The recital indeed is superfluous. The fact that a judgment was rendered against the principal and security in a dissolution bond would have raised the presumption that a judgment had been first obtained against the garnishee, and the statement of the presumption raised by law lends to the judgment no additional sanctity. This presumption may be rebutted, and the proper procedure for so doing is by illegality. The evidence in the present case was very clear that there had been no judgment against the garnishee, and the illegality should have been sustained. The ruling in *Holbrook* v. *R. Co.*, 114 *Ga.* 1, has no application to the present case. In that case a judgment in an ordinary suit had been rendered in a justice's court. Upon this judgment garnishment proceedings were sued out, which resulted, after due service, in a judgment against the garnishee. The garnishee filed an affidavit of illegality to the judgment against it, seeking to attack the judgment against the defendant in the main suit upon the ground that such judgment was void for want of proper service. The ruling in that case was that as the garnishee had been duly served and had had its day in court, it could not by affidavit of illegality raise any question it might have raised before the judgment was rendered. In the trial of the garnishment case it was necessary that the court should have before it evidence that a judgment had been rendered against the principal defendant before a judgment could be lawfully entered against the garnishee. But as the garnishee was in court after due service, and permitted a judgment to be rendered without raising any question as to the validity or existence of the judgment against the principal defendant, it was precluded by the judgment against it from showing that there was no judgment against the principal defendant upon which the judgment against it was based. The court had jurisdiction of the person and subject-matter, and the judgment rendered was conclusive as to all matters the law required to be before the court as matters of evidence. The present case does not involve any question as to the conclusiveness of a judgment against the garnishee. The judgment sought to be attacked by the illegality is a judgment against the principal and security on a bond given to dissolve a garnishment. The code provides: "The plaintiff may enter up judgment upon such bond against the principal and security as judgments may be entered up against securities upon appeal, whenever said

plaintiff shall obtain the judgment of the court against the property or funds against which garnishment was issued." Civil Code, §4718. No notice is required to be given either to the principal or the security when judgment on the bond is entered. The first notice such parties have of the judgment is when execution issues and is proceeding against them. They have had no day in court prior to the issuing of the execution, so far as the existence of the essentials necessary to a valid judgment are concerned. The judgment is entered ex parte. Hence, under such a judgment the parties may by affidavit of illegality show that the judgment was not properly entered on the bond. When a judgment is entered against a garnishee, it is after due notice to the garnishee. When judgment is entered against the defendant and security on a dissolution bond, no notice is required to be given. The distinction between the two cases is manifest. In the one, the defendant is not permitted to go behind the judgment to set up matters which he had an opportunity to plead before judgment. In the other, the defendant is allowed to go behind the judgment to show that the judgment is invalid for the reason that he had no opportunity to show this prior to the entry of the judgment.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*