### 20732. MUNDAY *v.* JOHNSON.

STEPHENS, J. 1. It is no ground to set aside a judgment against the surety upon a bond to dissolve a garnishment that, in the proceedings in which the judgment was rendered, the judgment against the defendant in the main case, which had been obtained in another court and the existence of which was not denied, was not established by the production of the judgment itself or a certified copy thereof, but was established only by the affidavit of the attorney for the plaintiff. Assuming that the judgment against the surety could, on motion to set it aside, be set aside upon the ground of the absence of proof of the existence of a fact essential to the validity of the judgment against

him, as for instance the lack of the existence of a judgment in the main case against the defendant, it can not be set aside upon the ground that this fact had been established by secondary evidence only, as where the judgment against the defendant in the main case was established by the affidavit of the attorney for the plaintiff and not by the production of the judgment itself or a certified copy thereof. See, in this connection, Civil Code (1910), §§ 5280, 5281; *Smith* v. *Kennedy,* 125 *Ga.* 830 (54 S. E. 731).

2. The judge of the municipal court did not err in overruling the motion to set the judgment aside, and the appellate division of that court did not err in affirming that judgment, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 15, 1930.

*G. H. Cornwell,* for plaintiff in error. *John M. Morrow,* contra.

