## Prall v. Bullitt County Bank.

(Decided March 6, 1931.)

H. H. GLENN and OSSO W. STANLEY for appellant.

J. F. COMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—
Affirming.

Appellant sued Willis B. Dye, doing business under the name of Thomas J. Dye & Son, to recover on a note for $411.47 which had been executed by Dye to appellant on February 14, 1928. This suit was instituted on June 26, 1928, and an attachment was sought and obtained on the ground that Dye was a nonresident of the state. The attachment was levied on about 1,800 cedar posts as the property of Dye. The posts were at the Salt River Station in Bullitt county when the levy was made. The levy bears the same date as the filing of the petition.

Appellee, Bullitt County Bank, asked permission to intervene, and, the court allowing its request, it filed an intervening petition in which it made claim to the posts on which the attachment had been levied. It filed with its petition a writing signed by Dye acknowledging that the posts had been sold to the bank. Appellant answered the intervening petition and alleged that he had sold to Dye posts at the price of $42.50 per thousand feet, and that Dye borrowed money from the bank with which to pay in part for the posts; that Dye borrowed a sufficient sum of money from the bank to pay appellant $30 per thousand feet, leaving a balance due of $12.50 per thousand feet, and the note for $411.47 represented a balance due on the posts he sold to Dye. He alleged that the bills of sale executed by Dye to the bank did not pass the title and were executed solely to secure the bank for the money which it had loaned Dye. He prayed that the bill of sale be adjudged a mortgage, and that, as it had not been recorded, his attachment lien be adjudged superior to the lien of the bank. The bank filed a reply denying that the bill of sale constituted only a mortgage, and alleging that

it was the absolute owner of the posts. It further alleged that Dye had filed his petition asking to be adjudged a bankrupt in the United States District Court for the Southern District of Indiana, and that he was adjudged a bankrupt on August 16, 1928, and that his property, therefore, was not subject to attachment. The bank produced and filed an order of that District Court showing that Dye was adjudged a bankrupt as alleged, and on that ground the bank moved to discharge the attachment levied on the posts.

On July 25, 1930, appellant filed an amended answer in which he alleged that Dye, after the levy of the attachment, was adjudicated a bankrupt in the District Court of the United States for the Southern District of Indiana; that the Bullitt County Bank filed its properly proven claim in the bankruptcy proceedings for $2,500, subject to a credit of $905; that the claim so filed was for the money which Dye had borrowed from the bank, and to secure which the bill of sale had been executed; that the posts were never taken into the possession of the bank, but remained in the possession of Dye; that the bank asserted a preferred claim in the bankruptcy proceeding, relying on its lien on the posts, and that the claim was sustained in part, and that the bank was paid $1,075; that there had been no ancillary proceedings instituted by the trustee in bankruptcy in the District Court of the United States for the Western District of Kentucky; that appellant filed his claim in the United States District Court for the Southern District of Indiana and set up fully his claim to a lien on the posts by reason of his attachment; that on June 4, 1930, the referee in bankruptcy waived all right to said cedar posts, and that the order making such waiver was in full force and effect; that by reason of the actions on the part of the bank in the bankruptcy proceeding, it was estopped to claim that the bill of sale was anything other than a mortgage; and that, by reason of the orders of the District Court, the state court had full power and authority to adjudge the respective claims of appellant and appellee as to priority of lien on the cedar posts.

The bank filed a reply to the amended answer of appellant in several paragraphs. The bankruptcy proceedings were set up as a defense and bar to the right of appellant to further prosecute his action in the state courts. It filed a copy of the order made by the bankruptcy court. This order shows, on its face, that the controversy between the bank and appellant was before the

bankruptcy court, although the order recites that appellant did not appear in person, or by attorney. The order recites that the Bullitt County Bank was entitled to be paid as a preferred creditor to the extent of the proceedings of the cedar posts, and, fixing the value of the posts at $35 per thousand, and fixing the number of feet covered by the bill of sale of the bank, the order disclaimed any interest in the posts and turned them over to the bank, at the same time crediting the claim of the bank by the value of the posts.

The circuit court decided that, as all the parties were before the bankruptcy court and the referee in bankruptcy having treated the attachment levied on the posts as invalid, and having charged the bank with the value of the posts and required it to take credit on its debt for the value thereof, the order made by the referee in bankruptcy was binding on the circuit court and the parties. The circuit court accordingly dismissed the petition. See Isaacs v. Hobbs Tie & Lumber Co., —— U. S. —— (decided February 24, 1931).

It is the position of counsel for appellant that, the trustee in bankruptcy having disclaimed, under order of the referee, all claim to the posts situated in Kentucky and in the possession of the state court in which was pending an issue between appellant and the bank, the act of the referee in adjudging priority of lien to one of the claimants was without effect, and that the state court was thereby vested with jurisdiction to determine the priority of lien. If the position taken by counsel for appellant is the correct one, he may have grounds of complaint, but, if his position is unsound, the circuit court properly adjudged that the order made by the referee in bankruptcy was final.

Counsel for appellant do not refer to it, however, they inferentially concede that the attachment lien was rendered void when the petition in bankruptcy was filed, as the attachment had been obtained within less than four months before Dye filed his petition in bankruptcy. Title 11 sec. 107, subsec. f, U. S. Code (11 USCA sec. 107 (f), contains the specific provision that such liens become void when the petition in bankruptcy is filed, if the petitioner is thereafter adjudged a bankrupt. But it is argued that the effect of that provision in the bankruptcy law is not to avoid the levies and liens mentioned therein against the world at large, but only as against the trustee in bank-

754

ruptcy and those claiming under him. If it be conceded that the contention is sound, it leaves appellant without any claim to relief by reason of his attachment. The trustee in bankruptcy, pursuant to the order of the referee, treated the property as belonging to the bank, and, in effect, turned the property over to the bank. What was done in the bankruptcy court, accepting the theory of appellant as true, wiped out his lien, and he was no further concerned in the matter, and he could not return to the circuit court and further prosecute his suit in an effort to have his lien enforced, because he did not have any lien. Wood v. Carr, 115 Ky. 303, 73 S. W. 762.

Judgment affirmed.