### 22266. ROBERTS *v.* SEANOR *et al.*

SUTTON, J. J. B. and Preston Seanor obtained a judgment against S. L. Padgett in a justice's court in 1929. On July 23, 1931, the plaintiffs instituted garnishment proceedings against the defendant. In August, 1931, the defendant gave bond, with E. M. Roberts and J. B. Perkins, as sureties, dissolving the garnishment, which bond was conditioned for the payment of the judgment rendered in the garnishment proceedings. In September, 1931, judgment was rendered against the defendant and the sureties on the bond. On October 2, 1931, the defendant was adjudicated a bankrupt, listing in his petition the judgment obtained against him in 1929. An execution was issued on the judgment entered on the dissolution bond, and in December, 1931, was levied on certain property of Roberts. Thereupon Roberts filed an affidavit of illegality, in which he set up that the execution was proceeding illegally against him for the reason that the judgment on which it was based was improperly rendered because the garnishment proceedings were instituted within four months of the defendant's adjudication as a bankrupt. The court dismissed the affidavit of illegality as setting forth no defense to the execution. Thereupon Roberts applied to the superior court for the writ of certiorari, the court refused to sanction his petition for certiorari, and to this judgment the surety excepts. *Held:*

1. The provisions of section 67f of the bankruptcy act annulled any lien acquired by the garnishment proceedings, which were instituted within four months of the adjudication of the defendant as a bankrupt, and the funds impounded by such garnishment proceedings are wholly discharged and released from the same. 11 U. S. C. A. § 107 (f); *Armour*

*Packing Co.* v. *Wynn*, 119 *Ga.* 683 (46 S. E. 865); *Morris Fertilizer Co.* v. *Jackson*, 27 *Ga. App.* 567 (110 S. E. 219); *Barnes* v. *Snyder*, 33 *Ga. App.* 501 (126 S. E. 863).

2. To fix the liability of a surety on a dissolution bond in garnishment proceedings instituted on a judgment obtained against the defendant, two judgments are necessary, first, a judgment against the garnishee or finding the funds subject, and second a judgment against the defendant and the surety on the dissolution bond. Civil Code (1910), §§ 5280, 5281; *Smith* v. *Kennedy*, 125 *Ga.* 830 (54 S. E. 731).

(a) The surety on a dissolution bond may by affidavit of illegality attack the judgment against him on the bond as being illegally rendered, by showing that the proceedings necessary to make such a judgment of force had become void and of no effect. *Smith* v. *Kennedy*, supra.

3. The dissolution bond in a garnishment case takes the place of the property or fund garnished, and is conditioned to pay whatever judgment might be obtained against the garnishee or the funds sought to be impounded. Civil Code (1910), §§ 5280, 5281.

4. A judgment against a surety on a dissolution bond in a garnishment proceeding is not valid where the garnishment proceedings were instituted within four months of adjudicating the principal defendant a bankrupt, the garnishment proceedings being annulled by the adjudication. *Klipstein* v. *Allen-Miles Co.*, 136 Fed. 385; *Barnes* v. *Snyder*, supra; *Odell* v. *Wootten*, 38 *Ga.* 224; *Alvaton Mercantile Co.* v. *Caldwell*, 156 *Ga.* 317. (119 S. E. 25); *National Surety Co.* v. *Medlock*, 2 *Ga. App.* 669 (58 S. E. 1131).

(a) An adjudication that the defendant is a bankrupt renders void a judgment against a garnishee rendered in garnishment proceedings instituted against the defendant within four months prior to the filing of the petition in bankruptcy; and such judgment must thereafter be treated as a nullity wherever drawn in question, either directly or collaterally. *Re Lesser*, 108 Fed. 201; *Cavanaugh* v. *Fenley*, 94 Minn. 505 (103 N. W. 711); *Thompson* v. *Ragan*, 117 Ky. 577 (78 S. W. 485); *Re Beale*, 116 Fed. 530; *Re Stevens*, 2 Biss. 373 (Fed. Cas. No. 13,392); *Re Tune*, 115 Fed. 906; *Re Forbes*, 186 Fed. 79 (108 C. C. A. 191); *Re McCartney*, 109 Fed. 621; *Clarke* v. *Larremore*, 188 U. S. 486 (47 L. ed. 555; *Smalley* v. *Laugenour*, 196 U. S. 93 (49 L. ed. 400); *Chicago &c. R. Co.* v. *Hall*, 229 U. S. 511 (57 L. ed. 1309); *Armour Packing Co.* v. *Wynn*, 119 *Ga.* 684 (46 S. E. 865).

(b) It follows that the judgment necessary to render valid the judgment against the surety on the dissolution bond, which fixes the liability of the surety thereon, was avoided by the bankruptcy of the defendant within four months of the institution of the garnishment proceedings, and that the execution which issued on the judgment on the dissolution bond and which was levied on the surety's property, after the adjudication of the defendant a bankrupt, was proceeding illegally, and the surety properly interposed his affidavit of illegality thereto.

(c) The principle of law that one can not go behind a judgment by way of affidavit of illegality except as provided by law is not applicable in this case. The adjudication of the defendant as a bankrupt was not until after the rendition of the judgment on the dissolution bond, and

in the affidavit of illegality the surety properly raised the question that the judgment on the dissolution bond was void, there being no other opportunity for him to do so.

5. Section 16 of the bankruptcy act (U. S. C. A. § 34) refers only to co-debtors, guarantors, or sureties for the bankrupt on the original debt from which release is given by bankruptcy. The surety on the dissolution bond was not a surety for the original debt or judgment, but the bond was conditioned for the payment of such judgment as should be rendered in the garnishment proceedings. *Odell* v. *Wootten*, supra; Klipstein v. Allen-Miles Co., supra.

6. Under the terms of section 67f of the bankruptcy act it is not the discharge of the bankrupt, but the adjudication, which avoids the lien. 11 U. S. C. A. § 107 (f), and cases cited in note 152 on page 188.

7. While, under section 5305 of the Civil Code (1910), an affidavit of illegality and a forthcoming bond should be delivered to the levying officer and by him returned into court, still the mere irregularity of filing such affidavit and bond by the defendant in fi. fa. with the court from whence the execution issued would not render the bond and affidavit void and subject to dismissal, where the sale of the property levied on had been held up by virtue of the filing of the affidavit and bond and it is not shown that the filing thereof harmed the plaintiffs in fi. fa.

8. Applying the principles announced above, the judge of the superior court erred in refusing to sanction the petition for certiorari.

*Judgment reversed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 29, 1932.

*W. H. Lasseler,* for plaintiff in error.
*McDonald & McDonald,* contra.